IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA, )
)
v. ) Civil Action No. 3:99CR312–HEH
)
ARTHUR LEE WILLIAMS, )
)
Defendant. )

## MEMORANDUM OPINION
(Granting 28 U.S.C. § 2255 Motion)

Petitioner, proceeding *pro se*, filed this successive 28 U.S.C. § 2255 Motion. The Government acknowledges that, in light of the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Winston*, 850 F.3d 677, 679 (4th Cir. 2017), Petitioner no longer qualifies for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). (ECF No. 189, at 1.) The Government asserts that this is harmless error because Petitioner "was sentenced on four counts to a total of three life sentences" and "[o]nly one of defendant's three convictions that resulted in a life sentence, [C]ount Six, related to the ACCA." (*Id.* at 2 (citations omitted).) Nevertheless, because Petitioner is no longer subject to ACCA for Count Six, as discussed below, the appropriate remedy is to correct his sentence for that count.

### I. *Johnson v. United States*

In *Johnson v. United States*, the Supreme Court described the impact of the ACCA on federal gun laws and noted that:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess,

and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

135 S. Ct. 2551, 2555 (2015) (citations omitted).

The ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557.

## II. Factual and Procedural Background

A jury convicted Petitioner of conspiracy to distribute crack cocaine (Count One), conspiracy to use and carry a firearm (Count Two), using and carrying a firearm to commit murder (Count Three), and possession of a firearm by a convicted felon (Count Six). (Minute Entry, ECF No. 60; Presentence Report ("PSR") 1.) Petitioner qualified as a career offender under § 4B1.1(b) of the United States Sentencing Guidelines ("USSG") in light of his prior convictions for violent felonies or serious drug offenses. (PSR ¶ 61.)[1]

---

[1] This enhancement was based upon the fact that Petitioner "was convicted of robbery on October 31, 1975" and his "second predicate offense resulted from a sentence imposed on June 5, 1985, when the defendant was sentenced to a term of 10 years in jail on a charge of Possession with Intent to Distribute Heroin." (PSR ¶ 61.)

2

Additionally, Petitioner qualified for an enhanced statutory sentence under the ACCA. (*Id.* at 1.)[2] Although Petitioner qualified for sentencing enhancements as a career offender and under the ACCA, those designations did not drive his Sentencing Guidelines range. Rather, Petitioner had an Offense Level of 43, driven by cross-reference to first-degree murder, pursuant to USSG § 2A1.1. (PSR Wkst A, at 1; PSR Wkst D, at 1.)[3] Petitioner also qualified for a Criminal History Category of VI based on his extensive criminal history alone and not due to any enhancement. (PSR ¶ 62.) Petitioner's advisory guidelines range was life in prison; however, Count Two carried a statutory maximum sentence of 240 months. (PSR Wkst D, at 1.) At sentencing, the Court sentenced Petitioner to life in prison on Counts One, Three, and Six, and to 240 months on Count Two. (ECF No. 75.)

By Memorandum Opinion and Order entered on June 22, 2004, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 117, 118.) By Order entered on April 27, 2016, the United States Court of Appeals for the Fourth Circuit granted Petitioner authorization to file a second or successive § 2255 motion for his ACCA claim based on *Johnson*. (ECF No. 170, at 1.)

---

[2] Petitioner also qualified for a sentence enhancement as an armed career criminal under USSG § 4B1.4 because of these prior felonies. (PSR ¶¶ 61, 63.)

[3] The PSR explains that USSG § 2A1.1 applied because "death resulted from the commission of [the] felony offense" of conspiracy to distribute crack cocaine. (PSR Wkst A, at 1.) While Petitioner had an Offense Level of 33 for the other three counts, the four counts were "closely related counts" that were grouped together pursuant to USSG § 3D1.2(b) for a Combined Adjusted Offense Level of 43. (PSR Wkst B, at 1.)

In his current § 2255 Motion, Petitioner contends: "Under Johnson, his priors convictions for burglary and robbery, under Virginia law, do not qualify as crimes of violence; rendering his classification and sentence under § 924(e) constitutionally and statutorily infirm." (Br. Supp. § 2255 Mot. 1, ECF No. 176 (citations omitted).)

## III. Analysis

### A. Petitioner Is Entitled to Relief on His Enhanced ACCA Sentence

Since the filing of Petitioner's 28 U.S.C. § 2255 Motion, the United States Court of Appeals for the Fourth Circuit has concluded that the Virginia offense of common law robbery does not qualify as a violent felony for imposing an enhanced ACCA sentence. *See United States v. Winston*, 850 F.3d 677, 679 (4th Cir. 2017). The Government acknowledges that in the wake of *Winston*, Petitioner's robbery conviction no longer qualifies as predicate for an enhanced ACCA sentence. (ECF No. 189, at 1.) Therefore, Petitioner no longer qualifies for the enhanced sentence of life that he received on this count, as the maximum statutory sentence for a non-ACCA offender is ten years. *See* 28 U.S.C. § 924(a)(2).[4]

### B. The Proper Form of Relief

As pertinent here, the Fourth Circuit has observed that:

> the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence ... and one of the following: (1) the

---

[4] A conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) normally has no statutory mandatory minimum and a statutory maximum of ten years of incarceration. *See* 18 U.S.C. § 924(a)(2). With an ACCA enhancement, the same conviction increases to a mandatory minimum of fifteen years of incarceration and a statutory maximum of life. *See* 18 U.S.C. § 924(e)(1). Petitioner was sentenced to life on Count Six, and was only able to receive that sentence pursuant to ACCA.

4

prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed **by (a) a resentencing or (b) a corrected sentence.**

*United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) (emphasis added) (footnote omitted) (citing 28 U.S.C. § 2255).

Under the present circumstances, correcting Petitioner's sentence on Count Six, without conducting a full resentencing, is the appropriate remedy. *See United States v. Davis*, No. 17–4011, 2017 WL 3867817, at *1–2 (4th Cir. Sept. 5, 2017) (imposing a corrected sentence under similar circumstances). Under 18 U.S.C. § 924(a)(2), the maximum penalty for a conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) without an ACCA enhancement is ten years (120 months). 18 U.S.C. § 924(a)(2). A conviction for which a ten-year sentence is imposed is classified as a Class C Felony, 18 U.S.C. § 3559(a)(3), and a Class C Felony carries a maximum of three years of supervised release. 18 U.S.C. § 3583(b). Accordingly, Petitioner's sentence on Count Six will be reduced to one hundred and twenty (120) months of imprisonment and three (3) years of supervised release. This remedy meets "the goal of § 2255 review" by placing Petitioner "in exactly the *same* position he would have been had there been no error in the first instance." *Davis*, 2017 WL 3867817, at *2 (quoting *Hadden*, 475 F.3d at 665).

**D.     Petitioner is Not Entitled to Relief on Any Other Claim**

In his Objection Second Response in Opposition (ECF No. 191), Petitioner attempts to add two new claims. Petitioner first contends that he "should no longer be

cross-referenced by 2A1.1 ... because homicide offenses are explicitly excluded from grouping." (Obj. Sec. Resp. Opp'n 1 (citations omitted).) Petitioner also argues that his convictions for Count Two and Count Three "are subject [to] Double Jeopardy Violation under Blockburger Test." (*Id.* at 4.) Petitioner suggests that based on "all the above arguments" he "would be subject to Immediate Release." (*Id.*) To the extent that Petitioner seeks to add new claims in his Objection Second Response in Opposition, the Court notes that Petitioner cannot add new claims by a passing reference in these submissions. *Cf. Snyder v. United States*, 263 F. App'x 778, 779–80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs").

Moreover, even if these claims had been properly presented to this Court, this Court lacks jurisdiction to examine these claims. Under § 2244(b)(4), "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4). Additionally, § 2255(h) requires that a second or successive § 2255 motion must contain:

> **(1)** newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Petitioner fails to demonstrate that his two new claims satisfy § 2244(b)(4) or § 2255(h), and they are therefore successive, unauthorized claims. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citations omitted). Therefore, the Court lacks jurisdiction to entertain these new claims and they will be dismissed.

## IV. Conclusion

The § 2255 Motion (ECF No. 175) will be granted to the extent that Petitioner's sentence on Count Six will be reduced to one hundred and twenty (120) months of imprisonment and three (3) years of supervised release. A certificate of appealability will be denied. An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: February 14, 2018
Richmond, Virginia

7