

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
) Criminal No. 3:99CR312–HEH
v. ) Civil Action No. 3:19CV00073
)
ARTHUR LEE WILLIAMS, )

Petitioner.

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on June 22, 2004, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 117, 118.) By Order entered on April 27, 2016, the United States Court of Appeals for the Fourth Circuit granted Petitioner authorization to file a second or successive § 2255 motion for his ACCA claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 170, at 1.) Subsequently, by Memorandum Opinion and Order entered on February 15, 2018 the Court granted the second § 2255 motion to the extent that Petitioner's sentence was reduced to 120 months on Count Six. (ECF Nos. 197, 198.) Petitioner appealed, and on July 11, 2018, the Fourth Circuit affirmed this Court's decision in part and dismissed the remainder of the appeal. (ECF No. 203.)

On October 30, 2018, Petitioner filed a "MOTION TO LEAVE AN AMEND THE ORIGINAL PLEADING GROUND SEVEN WHICH RELATE BACK TO COMMON CORE OF FACTS UNDER 15(c)(1)(B)." ("Rule 15 Motion," ECF No. 207.)

Petitioner clearly continues to attack his sentence as unconstitutional. As explained below, despite the labeling of his Rule 15 Motion, it must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querula, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 866, 857 (7th Cir. 2004) (citation omitted). "Any motion filed in the district court that imposed the sentence, and substantively within

2

the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *United States v. McCalister*, 453 F. App'x 776, 778 (10th Cir. 2011) (alteration in original) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)).

In his Rule 15 Motion, Petitioner contends that his sentence under the United States Sentencing Guidelines is erroneous because he should not have received a cross-reference for murder and provides caselaw from 2010 and 2013 that he believes supports a claim from his original § 2255 motion. (§ 2255 Mot. 2–3.) It is evident that his Rule 15 Motion is another attack on his sentence and must be treated as a successive § 2255 motion. *See id.* The Court has not received authorization from the Fourth Circuit to file the present § 2255 motion. Indeed, after he filed his Rule 15 Motion, the Fourth Circuit denied Petitioner permission to file a successive § 2255 motion. (ECF No. 208.) Therefore, the action will be dismissed for want of jurisdiction. The Clerk will be directed to file the present action as an unauthorized successive motion under 28 U.S.C. § 2255. The Clerk will be directed to assign the matter (ECF No. 207) a civil action number for the administrative convenience of the Court. Petitioner's Rule 15 Motion (ECF No. 207) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA

3

will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
Date: Feb 5, 2019
SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia

4