IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)  Criminal No. 3:99CR312–HEH
v. )
)
ARTHUR LEE WILLIAMS )

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on June 22, 2004, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 117, 118.) By Order entered on April 27, 2016, the United States Court of Appeals for the Fourth Circuit granted Petitioner authorization to file a second or successive § 2255 motion for his ACCA claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 170, at 1.) Subsequently, by Memorandum Opinion and Order entered on February 15, 2018 the Court granted the second § 2255 motion to the extent that Petitioner's sentence was reduced to 120 months on Count Six. (ECF Nos. 197, 198.) Petitioner appealed, and on July 11, 2018, the Fourth Circuit affirmed this Court's decision in part and dismissed the remainder of the appeal. (ECF No. 203.)

On January 25, 2019, Petitioner filed yet another 28 U.S.C. § 2255 motion. ("Successive § 2255 Motion," ECF No. 211.) The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court has not received authorization from the Fourth Circuit to file the present Successive § 2255 Motion. Indeed, on November 20, 2018, the Fourth Circuit denied Petitioner permission to file a successive § 2255 motion. (ECF No. 208.) Therefore, the Successive § 2255 Motion (ECF No. 211) will be dismissed without prejudice for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Feb. 28 2019
Richmond, Virginia

2