IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:99CR312–HEH |
| | ) | |
| ARTHUR LEE WILLIAMS, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

By Memorandum Opinion and Order entered on June 22, 2004, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 117, 118.) By Order entered on April 27, 2016, the United States Court of Appeals for the Fourth Circuit granted Petitioner authorization to file a second or successive § 2255 motion for his claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 170, at 1.) Subsequently, by Memorandum Opinion and Order entered on February 15, 2018, the Court granted the second § 2255 motion to the extent that Petitioner's sentence was reduced to 120 months on Count Six. (ECF Nos. 197, 198.) Petitioner appealed, and on July 11, 2018, the Fourth Circuit affirmed this Court's decision in part and dismissed the remainder of the appeal. (ECF No. 203.) By Memorandum Opinion and Order entered on February 6, 2019, and again on February 28, 2019, the Court denied successive, unauthorized § 2255 motions filed by Petitioner. (ECF Nos. 213, 214, 215, 216.)

Undeterred, on March 15, 2019, Petitioner filed a "PETITIONER'S FILE A MOTION UNDER FED. R. CIV. P. 59(e) MOTION TO ALTER OR AMEND

JUDGMENT DOC. 216 UNDER SUPREME COURT DECISION IN 'MAGWOOD V. PATTERSON'." ("Rule 59(e) Motion, ECF No. 221 (emphasis omitted).)

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Although Williams fails to identify on what ground he seeks relief, he apparently argues that Rule 59(e) relief should be granted to correct an error of law or to prevent manifest injustice. Williams seemingly contends that the Court erred by finding that his Motion (ECF No. 211) was an unauthorized and successive § 2255 motion. Williams, however, fails to demonstrate that the Court committed an error of law or that vacating the February 28, 2019 Memorandum Opinion and Order is necessary to prevent an injustice. Because Williams's Motion was a successive 28 U.S.C. § 2255 motion, he must seek and receive permission from the Fourth Circuit before the Court can consider the merits of such a motion. Accordingly, the Rule 59(e) Motion (ECF No. 221) will be denied. A certificate of appealability will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a

2

constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: May 30, 2019
Richmond, Virginia

3